UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
FORT MYERS DIVISION

DALIBOR HAMRLA,                                CASE NO.:

    Plaintiff,

v.

PEST ELIMINATORS INC.,
a Florida Profit Corporation,

    Defendant.
_____/

**COMPLAINT & DEMAND FOR JURY TRIAL**
**DECLARATORY RELIEF REQUESTED**

Plaintiff, DALIBOR HAMRLA ("Plaintiff" or "Mr. Hamrla"), by and through undersigned counsel, files this Complaint against Defendant, PEST ELIMINATORS INC. ("Defendant" or "PEI"), and states as follows:

**NATURE OF THE SUIT**

1. This action is brought under the Fair Labor Standards Act ("FLSA") to recover from Defendant overtime compensation, liquidated damages, declaratory relief, reasonable attorneys' fees and costs, and any other damages permitted by law.

**PARTIES, JURISDICTION, AND VENUE**

2. Mr. Hamrla was an employee who performed services on behalf of Defendant in Charlotte County, Florida, and nearby/adjacent counties.

3. PEI is a Florida profit corporation located in Port Charlotte, Charlotte County, Florida, and which, at all times relevant, performed work in Charlotte County, Florida.

4. Jurisdiction is proper in this Court, as the claims are brought pursuant to the Fair Labor Standards Act, as amended (29 U.S.C. § 201, *et seq.*, hereinafter "FLSA"), to recover unpaid overtime wages, an additional equal amount as liquidated damages, to obtain declaratory relief, and reasonable attorneys' fees and costs.

5. Venue is proper in this Court, as the actions giving rise to this lawsuit occurred in Charlotte County, Florida.

## FLSA COVERAGE

6. At all times material hereto, Defendant was, and continues to be an "employer" within the meaning of 29 U.S.C. § 203(d).

7. At all times material hereto, Plaintiff was a resident of Charlotte County, Florida.

8. At all times material hereto, Plaintiff was an "employee" within the meaning of the FLSA.

9. At all times material hereto, Defendant was Plaintiff's "employer" within the meaning of the FLSA.

10. At all times material hereto, Defendant was, and continues to be, an

"enterprise engaged in commerce" or in the production of goods for commerce as defined by the FLSA.

11. Based upon information and belief, the annual gross revenue of Defendant was in excess of $500,000.00 per annum during the relevant time periods.

12. At all times material hereto, Defendant was primarily engaged in operating a pest control company in Charlotte County, Florida.

13. At all times material hereto, Plaintiff was "engaged in commerce" within the meaning of § 6 and § 7 of the FLSA, but not for purposes of the Motor Carrier Act.

14. At all times material hereto, Plaintiff was engaged in the "production of goods for commerce" and subject to the individual coverage of the FLSA, but not for purposes of the Motor Carrier Act.

15. At all times material hereto, Defendant had two (2) or more employees handling, selling, or otherwise working on goods or materials that had been moved in or produced for commerce, such as pesticides, sprayers, hoses, etc., but which had come to rest within its warehouse location in Charlotte County, Florida.

16. At all times material hereto, the work performed by Plaintiff was directly essential to the business performed by Defendant, in that Defendant could

not operate its business without Pest Control Technicians like Plaintiff.

## FACTUAL ALLEGATIONS

17. Mr. Hamrla has worked for Defendant as a Pest ControlTechnician since October 17, 2016.

18. Beginning in January of 2019, PEI stopped paying Mr. Hamrla any overtime premium for hours worked in a given work week in excess of forty (40), no matter how many hours in excess of forty (40) he worked in a given work week.

19. Instead, beginning in January of 2019, PEI paid Mr. Hamrla a fixed purported "salary" per week.

20. Beginning in January of 2019, Mr. Hamrla was paid a fixed purported salary of $650.00 per week by PEI.

21. In or around October of 2019, Mr. Hamrla was raised to a fixed purported salary of $700.00 per week by PEI.

22. Beginning on May 14, 2021, Mr. Hamrla was paid a fixed purported salary of $750.00 per week by PEI.

23. Beginning on August 13, 2021, Mr. Hamrla was paid a fixed purported salary of $800.00 per week by PEI.

24. Beginning on August 20, 2021, Mr. Hamrla was paid a fixed purported salary of $850.00 per week by PEI.

25. Beginning in mid-October of 2021, Mr. Hamrla was paid an hourly rate of $21.25 per hour by PEI.

26. Mr. Hamrla has always worked in Charlotte County, Florida, and nearby/adjacent counties, and his activities have at all times been controlled and closely supervised by Defendant's managers and supervisors.

27. Mr. Hamrla has no authority to hire or fire employees of PEI.

28. Mr. Hamrla has no authority to discipline employees of PEI.

29. Mr. Hamrla has no authority to set rates of pay for other employees or agents of PEI.

30. Mr. Hamrla has no input into performance reviews of other employees or agents of PEI.

31. All of Mr. Hamrla's major decisions have to be cleared in advance by one of PEI's supervisors.

32. Mr. Hamrla is closely monitored by PEI's managers and supervisors at all times.

33. Mr. Hamrla follows procedures established by PEI and does exactly as he is instructed to do.

34. Mr. Hamrla's primary duties are to provide pest control services to PEI's customers.

35. The primary value that PEI places on Mr. Hamrla is his services as a laborer; his "managerial" duties are limited or nonexistent, and of secondary value to PEI.

36. Throughout Plaintiff's employment, Defendant has regularly required Plaintiff to work in excess of forty (40) hours per week.

37. Plaintiff has regularly worked fifty (50) or more hours per week for Defendant during his employment with Defendant.

38. Defendant has failed to pay Plaintiff full and proper overtime compensation for all hours worked over forty (40) per week during his employment with Defendant.

39. Commencing in January of 2019, when Plaintiff has worked more than forty (40) hours in a given work week, Defendant failed to properly pay him for all overtime hours worked.

40. Defendant has routinely failed to pay Plaintiff anything at all for overtime hours that he has worked during his employment.

41. Defendant Manager Linden Curtis laughed once to PEI Secretary, Misty, as he stated, "don't we owe [Mr. Hamrla] like 22k or 23k?"

42. Mr. Curtis even crowed to Mr. Hamrla that no PEI employees could have complained of unpaid or underpaid overtime "if that stupid bitch in the back,

Jen, would've never had you guys start clocking in. I had you guys not clocking in, and if it would have stayed that way, there would be no evidence."

43. Plaintiff should have been compensated at the rate of one-and-one-half times Plaintiff's regular rate for all hours that Plaintiff has worked in excess of forty (40) hours per week, as required by the FLSA, throughout his employment.

44. Defendant violated Title 29 U.S.C. §207 in that:

(a) Plaintiff has worked in excess of forty (40) hours in one or more workweeks for his period of employment with Defendant;

(b) No payments or provisions for payment have been made by Defendant to properly compensate Plaintiff at the statutory rate of one-and-one-half times Plaintiff's regular rate for **all** hours worked in excess of forty (40) hours per work week, as provided by the FLSA; and

(c) Defendant has failed to maintain proper time records as mandated by the FLSA.

45. Prior to violating the FLSA, Defendant did not consult with an attorney to evaluate whether Plaintiff's actual job duties and pay structure render him exempt from recovering payment for all overtime worked under the FLSA.

46. Prior to violating the FLSA, Defendant did not consult with the Department of Labor to evaluate whether Plaintiff's actual job duties and pay

structure render him exempt from recovering payment for all overtime worked under the FLSA.

47. Prior to violating the FLSA, Defendant did not consult with an accountant to evaluate whether Plaintiff's actual job duties and pay structure render him exempt from recovering payment for all overtime worked under the FLSA.

48. Based on the allegations in Paragraphs 45-47, above, Plaintiff is entitled to liquidated damages, as Defendant has no objective or subjective good faith belief that its pay practices were in compliance with the FLSA.

49. Plaintiff has retained the law firm of RICHARD CELLER LEGAL, P.A. to represent him in the litigation and has agreed to pay the firm a reasonable fee for its services.

## COUNT I
## VIOLATION OF 29 U.S.C. §207 OVERTIME COMPENSATION

50. Plaintiff reincorporates and re-alleges paragraphs 1 through 49 of the Complaint as though set forth fully herein, and further alleges as follows:

51. Plaintiff is entitled to be paid time-and-one-half his regular rate of pay for each hour worked in excess of forty (40) per work week.

52. During Plaintiff's employment with Defendant, Plaintiff has regularly worked overtime hours, but has not been paid full and proper time-and-one-half compensation for all hours worked.

53. Plaintiff is not an exempt employee as defined by the FLSA, no matter Defendant's characterization or misclassification, and is instead a non-exempt employee as defined by the FLSA.

54. As a result of Defendant's intentional, willful, and unlawful acts in refusing to pay Plaintiff time-and-one-half his regular rate of pay for each hour worked in excess of forty (40) per work week in one or more work weeks, Plaintiff has suffered damages, in addition to incurring reasonable attorneys' fees and costs.

55. As a result of Defendant's willful violation of the FLSA, Plaintiff is entitled to liquidated damages.

**WHEREFORE**, Plaintiff respectfully requests that judgment be entered in his favor against Defendant, and that this Court:

    a. Declare, pursuant to the FLSA, that the acts and practices complained of herein are in violation of the maximum hour provisions of the FLSA;

    b. Award Plaintiff overtime compensation in the amount due to him for time worked in excess of forty (40) hours per work week;

    c. Award Plaintiff liquidated damages in an amount equal to the

    overtime award;

d. Award Plaintiff reasonable attorney's fees and costs and expenses of the litigation pursuant to 29 U.S.C. §216(b);

e. Award Plaintiff pre-judgment interest; and order any other and further relief that the Court deems just and proper.

## JURY DEMAND

Plaintiff demands trial by jury on all issues so triable as a matter of right.

DATED this 14th day of April, 2022.

Respectfully Submitted,

**By: /s/ Noah E. Storch**
Noah E. Storch, Esq.
Florida Bar No. 0085476
RICHARD CELLER LEGAL, P.A.
10368 W. SR 84, Suite 103
Davie, Florida 33324
Telephone: (866) 344-9243
Facsimile: (954) 337-2771
E-mail: noah@floridaovertimelawyer.com

*Trial Counsel for Plaintiff*